PEOPLE OF THE STATE OF ILLINOIS *v.* CHICAGO, B. & Q. R. Co.

(*Circuit Court, N. D. Illinois.* June 14, 1883.)

REMOVAL OF CAUSE — CASE ARISING UNDER CONSTITUTION OF UNITED STATES — ACT 1875, § 2.

Where a railroad corporation sets up as a defense that its charter was a grant by the state, giving to the railroad company, without any qualification, the right to prescribe upon what terms and at what rates freight should be transported on the road, and that this grant was protected by the constitution of the United States, and that a subsequent statute of the state upon the subject impairs the validity of such grant in violation of the constitution, such defense involves a question arising under the constitution of the United States, and the case is removable from a state court under the second section of the act of 1875.

Motion to Remand.

*Mr. McCartney,* Atty. Gen. of Illinois, for plaintiff.

*Mr. Dexter,* for defendant.

DRUMMOND, J.   This was an action brought by the state in a state court against the railroad company for unjust discrimination in the carriage of freight in violation of a law of the state.

A petition and bond were filed in the state court to remove the cause to this court, under the second section of the act of 1875, on the ground that it involved a question arising under the constitution of the United States.   The controversy arises upon that part of the line of road covered by the Peoria & Oquawka charter of October 12, 1849, the second section of which contains the following clause:

"The said corporation shall have the right to prescribe the manner in which said railroad shall be used, by what force the carriages to be used thereon may be propelled, to regulate the time and manner in which goods, effects, and passengers shall be transported and carried on the same, and the rate of toll on the transportation of property thereon."

The defendant claims that this was a grant by the state giving to the railroad company, without any qualification, the right to pre-scribe upon what terms and at what rates freight should be trans-ported on the road, and that this grant was protected by the consti-tution of the United States, and that the statute of the state of 1873 upon the subject impairs the validity of that grant in violation of the constitution.   A motion is now made to remand the case to the state court, because, as the attorney general of the state insists, there is no constitutional question in the case.   The motion is founded, mainly, on the recent decisions of the supreme court of the United States in *Ruggles* v. *People,* and *Illinois Cent. R. Co.* v. *Same,* 15 Chi. Leg. News, 301, 302; S. C. 2 Sup. Ct. Rep. 832, 839.

The only point we can consider here is whether there appears to be such a question in the case, not whether the immunity claimed by the defendant can be sustained.   Even if we admit, for the sake of the argument, that by a decision of the supreme court of the United States in another case, which should be regarded as settling the law upon the subject, under similar facts to those of this case, no consti-tutional question could arise, and therefore that this court ought not to take jurisdiction of the case, yet the ground upon which the decision in the two cases referred to was placed by the supreme court was that the charters of the respective companies declare that the board of directors should have power to establish such rates of toll for the conveyance of persons and property as they should, by the by-laws, from time to time establish, and that the charter of the com-

pany, in each case, declares that the by-laws should not be repugnant to the laws of the state, and therefore it was necessarily implied that there was a power reserved in the state to determine the tolls on freight and passengers. And, besides, it is to be observed that the supreme court of the United States, in the cases referred to, did not decide that no constitutional question arose in those cases, but only that the privilege claimed under the constitution was not sustainable. Indeed, as both cases were writs of error to the supreme court of the state of Illinois, those writs of error could only be sustained on the ground that there was a question arising under the constitution or laws of the United States.

There seems to be no qualification in this case, but there is an ab-- solute grant by the state. Whether the act of the legislature of this state of 1873 does impair that grant, is not for us now to decide. The only question is whether a claim can be fairly made under it so as to raise a constitutional question.

We think there can be no doubt that a constitutional question does arise in this case, and therefore this court, under the act of congress of 1875, can take jurisdiction, and the motion to remand is, consequently, overruled.

HARLAN and BLODGETT, JJ., concurring.

See *Sawyer* v. *Parish of Concordia*, 12 FED. REP. 754, and note, 760.